**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-01-73 |
| | § | C.A. No. C-06-5 |
| JESUS REGINO, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
DENYING CERTIFICATE OF APPEALABILITY**

**I.    BACKGROUND**

By Order entered March 21, 2003, this Court denied Jesus Regino's ("Regino") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 52). Judgment was entered against him on the same date. (D.E. 53). He did not appeal.

On January 9, 2006, the Clerk received from Regino another § 2255 motion, now pending before the Court. (D.E. 54). Among other claims, he asserts several claims pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

The Court concludes that it is not necessary to order a government response to the § 2255 motion because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Regino's motion is subject to dismissal because it is his second § 2255 motion, and he has not obtained the requisite permission from the Fifth Circuit to file it in this Court. Absent such permission, this Court is without authority

1

to address his motion.

## II.   DISCUSSION

### A.   Second or Successive § 2255 Motions

In pertinent part, 28 U.S.C. § 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In accordance with the above, Regino was required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). His motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over his § 2255 motion.

Regino argues that this motion should not be deemed to be a second or successive petition because it is raising issues originating after his first § 2255 motion was filed. Petitioner's argument has been rejected by the Fifth Circuit, which has made plain that Booker claims, while based on a "new rule of constitutional law," are based on a case that has not been made retroactive by the Supreme Court. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (the Supreme Court has not

2

made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255). Thus, the Fifth Circuit cannot grant permission to file second § 2255 motions raising Booker claims. See id.

Moreover, the Fifth Circuit has recently squarely held that Booker is not retroactive even on initial collateral review. United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Thus, Booker does not provide a basis for relief to a defendant, such as Regino, whose conviction became final before the case was decided. Gentry, 432 F.3d at 603-04 & n.2. Accordingly, even if Regino's Booker claims were properly before the Court, they would fail.

For all of the foregoing reasons, Regino's § 2255 motion is DISMISSED.

### B.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). Moreover, a COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Regino has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Regino's motion states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2255 motion on procedural grounds. Under the plain record of this case, his motion is second or successive, and he has not sought authorization from the Fifth Circuit to file it. Accordingly, Regino is not entitled to a COA.

## III.  CONCLUSION

For the foregoing reasons, Regino's motion pursuant to 28 U.S.C. § 2255 (D.E. 54) is DISMISSED FOR LACK OF JURISDICTION. Additionally, Regino is DENIED a Certificate of Appealability.

ORDERED this 1st day of March 2006.

_____
Janis Graham Jack
United States District Judge